# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAPCO, INC., | NO. 3:19-CV-00589 |
| Appellant, | |
| v. | (JUDGE CAPUTO) |
| OLEUM EXPLORATION, LLC, | Chapter 11 |
| Appellee. | Bankruptcy: 5:19-bk-00664-RNO |

## MEMORANDUM

Presently before me is an appeal from the Bankruptcy Court (Doc. 1) filed by Appellant PAPCO, Inc. PAPCO appeals the Bankruptcy Court's March 22, 2019 Order (Doc. 1-1) which held that certain funds were the property of the bankruptcy estate (*i.e.*, Appellee Oleum Exploration, LLC's estate), rather than PAPCO. (*See id.*). The Bankruptcy Court further ordered the turnover of those funds to the estate from the state court in Texas where they were being held. (*See id.* at 4). PAPCO argues, among other things, that the Bankruptcy Court erred in determining the funds were Oleum's because no adversary proceeding was conducted as required by Bankruptcy Rule 7001. (Doc. 10 at 42-48). Oleum responds with two technical points: first, the March 22 Order is not final, so PAPCO's appeal should be dismissed (*see* Doc. 2); and second, the Bankruptcy Court was correct to conclude PAPCO waived whatever right to an adversary proceeding it had (Doc. 12 at 15-21). I conclude that the March 22 Order is appealable, so Oleum's Motion to Dismiss (Doc. 2) will be denied. I further hold that an adversary proceeding was required under Bankruptcy Rule 7001, that PAPCO did not waive its rights, and that the failure to hold an adversary proceeding was not harmless error. The March 22 Order will therefore be vacated, and the matter remanded to the Bankruptcy Court for further proceedings.

## I. Background

I write primarily for the parties, who are familiar with the factual and procedural background of this matter.

In April 2017, PAPCO assigned two oil and gas leases to Oleum. (Doc. 1-1 at ¶ 3). The leases cover oil-producing property located in Jefferson County, Texas. (*Id.* ¶ 4). Oleum sells the oil to third parties, including to Plains Marketing, L.P. (*Id.* ¶ 6). Later in 2017, a dispute arose over who was entitled to certain proceeds from the oil sold to Plains—Oleum, or PAPCO. (*See id.* ¶¶ 8-10). Plains accordingly filed an interpleader action in the District Court of Jefferson County, Texas to force Oleum and PAPCO to litigate the issue. (*Id.* ¶ 10). Upon filing the interpleader action, Plains deposited about $330,000 with the Texas court, representing the sum of the contested oil proceeds. (*Id.* ¶ 9). It appears that the interpleader action is still ongoing.

Oleum then filed a voluntary petition under Chapter 11 on February 16, 2019. (*Id.* ¶ 1). Three days later, Oleum filed an emergency turnover motion requesting the Bankruptcy Court order the Texas court to turn over the contested oil proceeds to the bankruptcy estate per 11 U.S.C. § 542, as Oleum believed it was property of the estate under 11 U.S.C. § 541. (*See id.* ¶ 11). The motion, having been served on the Texas court and PAPCO, proceeded to hearing on February 26, 2019. *In re Oleum Exploration, LLC*, 5:19-bk-00664, Doc. 6-5 (Bankr. M.D. Pa. Feb. 19, 2019); (Doc. 10-1 at 583). PAPCO objected on substantive grounds and presented some evidence, but after closing the evidentiary record the Bankruptcy Court held that the oil proceeds were property of the bankruptcy estate. (*See* Doc. 10-1 at 706). Before fully deciding the emergency turnover motion, however, the Bankruptcy Court directed the parties to brief a few issues, and scheduled a hearing for March 22, 2019. *In re Oleum Exploration, LLC*, 5:19-bk-00664, Doc. 30 (Bankr. M.D. Pa. Feb. 26, 2019). In its brief filed before the March 22 hearing, PAPCO argued that Oleum's emergency turnover motion should have been brought as an adversary proceeding, and that proceeding by motion violated PAPCO's due process rights. (*See* Doc. 1-1 at ¶ 20). The Bankruptcy Court overruled PAPCO's objection, finding PAPCO waived whatever right to an adversary proceeding it had. (*Id.* ¶ 21). In its March 22 Order, the Bankruptcy Court reiterated its holding that the oil proceeds were property of the bankruptcy estate, and ordered the Texas court to turn over the proceeds to the estate. (*See id.* ¶¶ 15-16, 19, 22).

PAPCO timely filed its notice of appeal on April 5, 2019. (Doc. 1). Oleum immediately moved to dismiss the appeal, arguing the March 22 Order is non-final and unappealable. The appeal (including Oleum's Motion to Dismiss) has been fully briefed and is now ripe for review.

## II. Legal Standard

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from a Bankruptcy Court's "final judgments, orders, and decrees." I review the legal conclusions of the Bankruptcy Court *de novo*, "its factual conclusions for clear error, and its exercise of discretion for abuse thereof." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## III. Discussion

### A.    **Appellate Jurisdiction**

The threshold issue is whether this Court has jurisdiction over PAPCO's appeal. Oleum moves to dismiss the appeal on the ground that the March 22 Order is an unappealable non-final order, and would not qualify as an appealable interlocutory order, either. (*See* Doc. 2). In Oleum's view, "nothing prevents" PAPCO from "seeking a declaratory judgment or similar relief in the bankruptcy proceeding to determine the extent of its interest, if any, in [Oleum's] cash." (Doc. 12 at 9). PAPCO responds that the Order is final because it conclusively resolves whether the "oil well proceeds . . . became property of PAPCO or remained property of Oleum." (Doc. 3-5 at 11).

I agree with PAPCO that the March 22 Order is a final, appealable order. Had the Order done "nothing more than direct that funds be turned over to a receiver," it would not be final. *F.T.C. v. Overseas Unlimited Agency, Inc.*, 873 F.2d 1233, 1235 (9th Cir. 1989). But the Order held that the oil proceeds "are property of the estate," not of PAPCO, and directed the Texas court to turn the proceeds over to the estate. (Doc. 1-1 at 3-4). A turnover order such as this one, which "finally resolve[s] the parties' rights to [the] assets," *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999), or which "finally dispose[s] of discrete disputes within the larger case," *In re Moody*, 817 F.2d 365, 367 (5th

3

Cir. 1987) (quotation omitted), is an appealable final order. *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 281-82 (3d Cir. 2002) (citing *In re Moody*, 817 F.2d at 366); *see In re O'Dowd*, 233 F.3d 197, 201 (3d Cir. 2000) (both the District Court and the Court of Appeals had jurisdiction to review the Bankruptcy Court's decision that certain property belonged to the bankruptcy estate under 11 U.S.C. § 541(a)(1)); *accord In re Booth*, 260 B.R. 281, 283-84 (B.A.P. 6th Cir. 2001) (Appellate Panel had jurisdiction to decide appeal from the Bankruptcy Court's "Memorandum Opinion and Decision holding that [certain property] was property of the bankruptcy estate"); *In re Baine Smith Transp., Inc.*, 85 F.3d 626 (5th Cir. 1996) (affirming the Bankruptcy Court's order holding that a car "was property of the bankruptcy estate under 11 U.S.C. § 541(a)"). Oleum's unsupported assurances that PAPCO might yet convince the Bankruptcy Court to change its mind does not convert an otherwise final order into a non-final one. The Order is therefore a final order, and Oleum's Motion to Dismiss the appeal will be denied.

**B.     Adversary Proceeding**

The next issue on appeal is threefold: first, whether the Bankruptcy Court should have adjudicated the parties' rights to the oil proceeds through an adversary proceeding; second, if such a proceeding was required, whether PAPCO waived its right to one; and third, if there was no waiver, whether the Bankruptcy Court's error in not conducting an adversary proceeding was harmless. *See, e.g.*, *Reed v. Nathan*, 558 B.R. 800, 822-23 (E.D. Mich. 2016) (analyzing whether an adversary proceeding should have been conducted, and, if so, whether that error was harmless).

1.     <u>An adversary proceeding was required</u>

Neither party squarely addresses the first point, but it is clear an adversary proceeding was required. Bankruptcy Rule 7001 provides that certain matters "constitute adversary proceedings governed by the rules of Part VII of the Bankruptcy Rules." *In re MF Global, Inc.*, 531 B.R. 424, 431 (Bankr. S.D.N.Y. 2015). "The Rules are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code." *In re Mansaray-Ruffin*, 530 F.3d 230, 235 (3d Cir. 2008). Here, an adversary proceeding

4

should have been conducted because Oleum's emergency turnover motion (directed at the Texas court) was "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee" under Rule 7001(1). *In re MF Global, Inc.*, 531 B.R. at 431 ( "[A]n action to compel turnover of estate property pursuant to section 542(a) constitutes an adversary proceeding under Bankruptcy Rule 7001(1)." (citing *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint.")))); *see Reed v. Nathan*, 558 B.R. 800, 821 (E.D. Mich. 2016) ("Under [Rule 7001(1)] an action to recover money or property from a third party must be brought as an adversary proceeding; an action to recover money or property from the debtor may be brought as a contested matter."). Additionally, Oleum's motion constituted "a proceeding to determine the validity . . . of a lien or other interest in property" under Rule 7001(2), as PAPCO notes. *See, e.g.*, *In re Whitehall Jewelers Holdings, Inc.*, No. 08-11261 (KG), 2008 WL 2951974, at *6-7 (Bankr. D. Del. July 28, 2008) (holding an adversary proceeding was required under Rule 7001(2) to determine whether certain property was property of the estate (citing *In re Mansaray-Ruffin*, 530 F.3d 230 (3d Cir. 2008))); *In re Ace Indus.*, 65 B.R. 199 (Bankr. W.D. Mich. 1986) (requiring the debtor to file an adversary complaint where ownership of the property sought to be turned over was in dispute).[1]

---

[1] Conversely, turnover was improper because a bona fide dispute over the proceeds exists. *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute."); *In re Berks Behavioral Health, LLC*, 464 B.R. 684, 690-91 (Bankr. E.D. Pa. 2012) (collecting cases); *In re LiTenda Mortg. Corp.*, 246 B.R. 185, 195 (Bankr. D.N.J. 2000) (collecting cases); *In re Allegheny Health, Educ. & Research Found.*, 233 B.R. 671, 677-78 (Bankr. W.D. Pa. 1999) (collecting cases); *In re Johnson*, 215 B.R. 381, 386 (Bankr. N.D. Ill. 1997) ("Turnover is not intended as a remedy to determine disputed rights of parties to property. Rather, it is intended as the remedy to obtain what is acknowledged to be property of the bankruptcy estate."); *In re Ven-Mar Int'l, Inc.*, 166 B.R. 191, 192-93 (Bankr. S.D. Fla. 1994) (same).

### 2. PAPCO did not waive its right to an adversary proceeding

As for the second point, PAPCO argues that the Bankruptcy Court clearly erred when it concluded that PAPCO "failed to raise such purported right [to an adversary proceeding] in its Objections to [Oleum's] Motion" and thus waived that right. (Doc. 10 at 44 (citing Doc. 1-1 at ¶ 21)). PAPCO had, in fact, "specifically raised the right to an adversary proceeding at length." (*Id.*). Oleum responds that PAPCO's initial objection, filed five days after Oleum filed its emergency turnover motion, did not raise the adversary proceeding issue; nor did PAPCO raise the issue at the first hearing before the Bankruptcy Court. (Doc. 12 at 16). I review the Bankruptcy Court's factual findings that led to its conclusion of waiver for clear error, while I review the question of whether PAPCO's conduct in the aggregate amounted to waiver *de novo*. *Cf. In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 122 n.3 (3d Cir. 2012); *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011).

The Bankruptcy Court's finding that PAPCO failed to raise its right to an adversary proceeding in its "Objections to the Motion" was clearly erroneous. The Bankruptcy Court noted in its March 22 Order that "[i]n opposing the Motion, PAPCO argues that the turnover action should have been brought as an adversary proceeding." (Doc. 1-1 at ¶ 20). This argument came from PAPCO's March 19 Memorandum, which the Order refers to as PAPCO's "Objections to the Motion." (*Id.* ¶ 17). The Order then states "PAPCO waived any right to an adversary proceeding with respect to the Motion when it failed to raise such purported right in its Objections to the Motion." (*Id.* ¶ 21). In other words, the Bankruptcy Court acknowledged that PAPCO raised the adversary proceeding issue in its "Objections to the Motion," then found PAPCO failed to raise the issue in its "Objections to the Motion." That finding was clearly erroneous, and cannot support a conclusion of waiver.

And although I can affirm the Bankruptcy Court on any basis apparent in the record, *cf. Pressley v. Huber*, 562 F. App'x 67, 69 n.2 (3d Cir. 2014), the record does not support a finding that PAPCO waived its right to an adversary proceeding. The only conduct that could arguably support such a finding was PAPCO's failure to raise its right to an adversary

6

proceeding at the first available opportunity, instead of its objections filed a month after Oleum filed its emergency turnover motion. That does not constitute waiver, though. PAPCO explicitly raised its right to an adversary proceeding, and did so before the Bankruptcy Court's final hearing, at a pragmatically sufficient time—that is, with time for both Oleum and the Bankruptcy Court to address the issue. *See, e.g.*, *In re Zolner*, 249 B.R. 287, 292 (N.D. Ill. 2000) ("While it is clear that courts allow waiver of [the right to protest the lack of an adversary complaint,] the cases involve either an express waiver or a situation where none of the parties raised the procedural question."); *cf. In re Frescati Shipping Co.*, 886 F.3d 291, 313 (3d Cir. 2018) (affirmative defenses are waived if not raised at a "pragmatically sufficient time" and "if the opposing party would be prejudiced if the defense were allowed" (quotation omitted)). In fact the parties, though not using the magic words "adversary proceeding," addressed due process concerns as early as the February 26 hearing. (*See* Doc. 10-1 at 697 ("[W]e would appreciate it if we would have an opportunity to file perhaps a supplemental affidavit . . . or ultimately continue the evidentiary portion and allow additional witnesses to appear . . . ."); *id.* at 698 ("There was ample notice and opportunity to be here today and file whatever it is that PAPCO wished to file.")). It is not as if PAPCO, after lengthy proceedings on the merits, lodged technical objections at the last possible second; Oleum's emergency turnover motion proceeded from filing to disposition in the course of about a month, and crucial issues were decided (and the evidentiary record closed) in a week's time. *Cf. Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992) (substantially litigating a case in court may result in waiver of a party's right to arbitrate). Eleventh-hour motions beget eleventh-hour objections.

Additionally, as a legal matter, it appears that the protections afforded by Bankruptcy Rule 7001 cannot be waived in the Third Circuit. *See In re Mansaray-Ruffin*, 530 F.3d 230, 237 (3d Cir. 2008) ("By way of analogy, if a plaintiff were to attempt to 'commence' a civil litigation by filing a motion with the district court . . . , and the defendant were to fail to file a pleading in response, we surely would not uphold the entry of default judgment on behalf of the plaintiff. . . . [The plaintiff's affirmative duty to file and serve a complaint] is not

7

lessened or negated by the defendant's inaction."). *In re Mansaray-Ruffin* dealt with a different factual context, as Oleum notes, but the court's holding is not limited to that context. *See id.* at 242 ("[W]e hold only that, where the Rules require an adversary proceeding . . . to resolve a particular issue, a creditor has the due process right not to have that issue resolved without one."). And although failure to conduct an adversary proceeding may not constitute a *per se* due process violation after *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), *see In re Thomas*, 497 B.R. 188, 206 n.33 (Bankr. E.D. Pa. 2013); *In re Borkowski*, 446 B.R. 220, 224 n.7 (Bankr. W.D. Pa. 2011), that is relevant for the purposes of harmless error analysis, not waiver. Thus, PAPCO did not waive its right to an adversary proceeding.

### 3. The Bankruptcy Court's error was not harmless

The final point to address is whether the Bankruptcy Court's error in not requiring Oleum to file an adversary proceeding to effect turnover of the oil proceeds was harmless. "Courts have routinely allowed matters to proceed that have been filed as contested matters when they should have been filed as adversary complaints, where no prejudice has been found." *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 340 (Bankr. D. Del. 2001) (citing *In re Cannonsburg Envtl. Assocs., Ltd.*, 72 F.3d 1260, 1264-65 (6th Cir. 1996); *In re Orfa Corp.*, 170 B.R. 257, 275-76 (E.D. Pa. 1994)); *see also* Fed. R. Bankr. P. 9005. Thus, if PAPCO was not prejudiced by the lack of an adversary proceeding, then remand on procedural grounds is unnecessary and I can proceed to analyze the merits of the appeal.

Oleum argues that any error was harmless because PAPCO "was afforded due process." (Doc. 12 at 21). PAPCO "had sufficient notice of the turnover motion, filed [responsive briefs,] and participated fully in the February 26, 2019 and March 22, 2019 hearings." (*Id.* at 20). But Oleum overlooks the Bankruptcy Court's own statement, offered just before ruling the contested oil proceeds were property of the estate at the February 26 hearing (*i.e.*, seven days after Oleum filed its motion):

> This is, again, a hearing brought—hearings brought on an

8

> emergency basis, a somewhat truncated record. I'm loathe to make a lot of law of the case on such a—I don't know that I'd call it a slim record, not a fulsome record, if I may say that.

(Doc. 10-1 at 706). This statement, in conjunction with PAPCO's counsel requesting more time to present evidence (*id.* at 697) and PAPCO being afforded less than a week to litigate the ownership of the oil proceeds, shows that the failure to conduct an adversary proceeding was not harmless. "[W]here the record might have been materially different with an adversary proceeding," *In re Munoz*, 287 B.R. 546, 551 (B.A.P. 9th Cir. 2002), or was "not adequately developed" due to an improper motion procedure, *In re Boni*, 240 B.R. 381, 385 (B.A.P. 9th Cir. 1999), error is not harmless. That is the case here. The Bankruptcy Court acknowledged that the record was "somewhat truncated" and not "fulsome" due to holding hearings "on an emergency basis." If emergency procedures were not employed, then—and if PAPCO had more than a week to initially respond—the record would not have been so lacking. By contrast, this is not a situation like that in *Reed v. Nathan*, where "the erroneous failure to conduct an adversary proceeding" was harmless because the Bankruptcy Court, *inter alia*, "allowed [the appellant] three weeks to respond to the Turnover Motion," heard the appellant's legal argument at a hearing, and gave the appellant "nearly three months to prepare for an evidentiary hearing" on whether certain assets belonged to the bankruptcy estate. 558 B.R. 800, 822-23 (E.D. Mich. 2016).

Accordingly, although the Bankruptcy Court ably dealt with the pressing situation it was facing, the failure to conduct an adversary proceeding was not harmless error, and the March 22 Order of the Bankruptcy Court will be vacated. Because the matter will be remanded on procedural grounds, I need not reach the parties' arguments on the merits. Those arguments can be raised in the first instance through an adversary proceeding in the Bankruptcy Court.[2]

---

[2] The Bankruptcy Court also addressed the *Younger* abstention doctrine and concluded it did not apply. (Doc. 1-1 at ¶¶ 12-15). That holding, as with the rest of the Order, will be vacated. I express no view on the merits of the abstention issue, and the parties are free to relitigate it in the Bankruptcy

### IV. Conclusion

For the reasons stated above, Oleum's Motion to Dismiss will be denied, and the March 22 Order of the Bankruptcy Court will be vacated. The matter will be remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum.

An appropriate order follows.

<u>July 19, 2019</u>            <u>/s/ A. Richard Caputo</u>
Date               A. Richard Caputo
                 United States District Judge

---

Court through motion under *Younger* or 28 U.S.C. § 1334(c), if applicable, *see In re Kessler*, 430 B.R. 155 (Bankr. M.D. Pa. 2010).